ATHERTON *v.* ALLEN ET UX.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a finding on the mere weight of the evidence.

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*J. W. Sansberry* and *E. B. Goodykoonts,* for appellees.

Howk, J.—This was a suit by the appellant, as plaintiff, against the appellees, as defendants, to enforce an alleged mechanic's lien.

The appellant's complaint contained but one paragraph, in which he alleged, in substance, that the appellee Ann C. Allen, the wife of her co-appellee, William B. Allen, was the owner in her own right of certain real estate, particularly described, in Madison county, Indiana, on which real estate she, the said Ann C. Allen, had constructed a grist-mill and saw-mill; that said real estate was a mill-seat, and was not fit for any other purpose; that, to enable her to enjoy said real estate, it became and was necessary to build said grist-mill and saw-mill, which greatly improved and bettered the same, and rendered the same enjoyable; that, in the construction of said building, the appellant furnished to said Ann C. Allen, at her special instance and request, a large amount of lumber which was used in the construction of said building; that there was yet due and unpaid to appellant for said lumber from her, the said Ann C. Allen, the sum of $118.42, balance on said lumber; that, on the 20th day of February, 1874, the appellant filed in the recorder's office of said county a notice of intention to hold a lien on said building, within sixty days from the completion of said building, which notice was on the same day recorded in the proper record of said county, and a copy of said notice was filed with said complaint. Wherefore, etc.

To this complaint the appellees answered in two paragraphs, in substance, as follows:

1. A general denial; and,

2. That, before the commencement of this suit, the appellant sold and transferred to one John M. Ware all of his interest in said lien, and his claim against the appellees, and that they fully paid the same to said Ware, before this suit was commenced.

The cause was tried by the court, and a finding was made for the appellees. The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted, and judgment was rendered against him for the costs of suit.

In this court the only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial.

It was not disputed that the appellant had furnished the appellee Ann C. Allen the amount of lumber mentioned in his complaint, nor that the lumber had been furnished for, and used by her in, the building of her mills, nor that the appellant had filed notice of his intention to hold a lien, and that such notice was recorded in the proper recorder's office within sixty days after the completion of the mills. The controversy between the parties related to the assignment by the appellant of his lien and claim to John M. Ware, as alleged in the second paragraph of the appellees' answer. The appellees proved by Patrick Mahoney, a witness in their behalf, that the appellant had told the witness that he had sold his account on the appellees to Dr. Ware. The appellee Ann C. Allen testified in her own behalf, that Dr. Ware had told her he had bought the claim in suit from the appellant, and that she had paid Ware the amount of the claim, in a settlement with him. On the other hand the appellant denied, in his testimony, that he had sold his claim against the appellees to Dr. Ware, or that he had ever told the witness, Mahoney, that he had sold the claim to Dr. Ware.

This was all the evidence, in substance, on the point now under consideration, and it must be confessed, we think, that it is not of the most convincing character. But we can not say that the evidence did not tend to sustain all the averments of the second paragraph of the appellees' answer, and the finding of the court thereon. Under the

settled practice of this court, therefore, we can not disturb the finding of the court below, on the evidence.

The judgment is affirmed, at the appellant's costs.